## JONES v GARFIELD

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 14, 1932

Osborn & Phillips, Youngstown, for plaintiff in error.

William A. Pfau, Youngstown, for defendant in error.

FARR, J.

Upon examination of the record and the testimony which it discloses, the conclusion is that the verdict of the jury is not so clearly, so manifestly against the weight of the evidence as to warrant a reversal.

Next it is claimed that the trial court was in error in its charge to the jury, and one paragraph of the charge about which complaint is made reads as follows:

"The jury is instructed as a matter of law that if you find that the plaintiff suddenly found himself in a position of imminent peril or danger, he can not be held to a strict account as to the course of conduct he pursued to avoid injury to himself."

It is suggested that the foregoing is not proper because it does not fully state the law in **Railroad Company v Snyder, 55 Oh St, 342,** in the third paragraph of the syllabi, which announces the "perilous position doctrine"; however the instruction does not constitute reversible error. It is said further that the issue of contributory negligence can only be raised when pleaded as a defense, and it is answered that this is not the rule of law obtaining in Ohio as laid down in **Bradley v Railroad Company, 112 Oh St, 35.** The first proposition of the syllabus reads as follows:

"In actions for negligence where the answer pleads the general issue or that the injury resulted from plaintiff's fault, either or both, and the evidence offered at the trial reasonably tends to develop the issue of contributory negligence, it is the duty of the court to charge upon that issue."

In the light of the principle announced in the foregoing there was no reversible error in the trial court charging as it did.

Reverting to the testimony of Jones, he says that he saw the automobile and had time to step on the foot board towards the draw bar, and it is claimed if he had done so that he would not have been injured. He was on the extreme edge of the foot board about one foot above the ground, so that it would seem that Jones might reasonably well have saved himself from injury by being circumspect under the circumstances of the case, by stepping to the ground.

Therefore the judgment may not be reversed upon the theory that it is manifestly against the weight of the evidence, nor is there any error in the charge of the trial court prejudicial to the substantial rights of the complaining party. For the reasons given the judgment is affirmed.

ROBERTS and POLLOCK, JJ, concur in the judgment.